**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REV. ARTHUR GLOVER, : | |
| : | Civil No. 06-2421 (FSH) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | **O P I N I O N** |
| NEW JERSEY STATE PAROLE BOARD, : | |
| et al., : | |
| : | |
| Defendants. : | |
| _____ : | |

**APPEARANCES:**

    Rev. Arthur Glover, <u>Pro Se</u>
    # 168707
    Passaic County Jail
    11 Marshall Street
    Paterson, NJ 07501

**HOCHBERG**, District Judge

    Plaintiff, Arthur Glover, confined at the Passaic County Jail, Paterson, New Jersey, brings this action under 42 U.S.C. § 1983 asserting violations of his constitutional rights. Plaintiff paid the filing fee in full on July 7, 2006.

    Having reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. § 1915A, the Court concludes that the Complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

**BACKGROUND**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 as against the following defendants: the New Jersey State Parole Board (hereinafter, the "Board"), John D'Amico, Jr., Chairman of the Board, and various employees and/or agents of the Board. The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

According to documents submitted by Plaintiff and attached to his complaint, Plaintiff was arrested on February 17, 2006 and charged with violating the community supervision for life statute which applies to sex offenders in New Jersey. See N.J.S.A. 2C:43-6.4(d). On February 22, 2006, his bail was set at $50,000. He states that his parole officer lies and makes unfair accusations about him, and that he has had problems with her since they have been paired together. He argues that the parole regulations have not been followed in his case: he has not had a parole hearing, has not been served with parole violation papers, and that he is being erroneously detained in violation of his constitutional rights.

Plaintiff asks that he be immediately released pending his parole hearing, and asks for monetary relief.

**DISCUSSION**

**A.    Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

**B.   Section 1983**

The Complaint asserts an action under 42 U.S.C. § 1983, alleging violations of Plaintiff's constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Analysis**

Plaintiff has been charged with violating the community supervision for life New Jersey sex offender statute, which, if he is found guilty, constitutes a crime of the fourth degree. See N.J.S.A. 2C:43-6.4(d).  He was assessed bail but remains incarcerated.  His criminal charges remain pending.  Plaintiff argues that he is being detained illegally and asks for immediate release.  He also asks for monetary damages.

4

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

> plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  <u>Id.</u> at 489-90.

Here, Plaintiff attacks the fact and duration of his confinement, alleging that he is entitled to immediate release.  A finding in his favor would necessarily imply the invalidity of his current confinement.  Thus, his claims are barred until such

6

time as his criminal charges have been vacated or overturned on appeal.

Further, to the extent that Plaintiff challenges the constitutionality of the state law and procedures as applied to him in the current proceedings, it is not generally the role of the federal courts to interfere in pending state judicial proceedings. A federal court must abstain from addressing requests for injunctive relief against state court proceedings so long as the constitutional issues involved may be addressed adequately in the course of the state proceedings. See <u>Younger v. Harris</u>, 401 U.S. 37 (1971) (addressing abstention from state criminal proceedings). The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before <u>Younger</u> abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

<u>Port Auth. Police Benevolent Ass'n Inc. v. Port Auth. Of New York and New Jersey Police Dept.</u>, 973 F.2d 169, 173 (3d Cir. 1992) (citing <u>Schall v. Joyce</u>, 885 F.2d 101, 106 (3d Cir. 1989)).

In the instant case, it is clear that state proceedings implicating important state interests are ongoing, and that

Plaintiff has the opportunity to raise his instant claims in that proceeding.  Plaintiff has failed to plead any special circumstances that would take this case out of the Younger abstention doctrine.  Thus, Plaintiff must present his complaints about his criminal proceedings to the court in which his action is pending.  See Roberts v. Childs, 956 F. Supp. 923, 925 (D. Kan.), aff'd, 125 F.3d 862 (10th Cir. 1997).

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  An appropriate order follows.


 /s/ Faith S. Hochberg
 United States District Judge

DATED: September 5, 2006